PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
4100 Newport Place, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

JUL 2 7 2017

BY _____
LISETTE HUEZO, DEPUTY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| EDWARD DAVIS, an individual, | Case No. |
| Plaintiff, | CIVDS1714504 |
| v. | **COMPLAINT** |
| SAVASENIORCARE, LLC, a Delaware limited liability company; SSC NEWPORT BEACH OPERATING COMPANY LP, a Delaware limited partnership; and DOES 1-10, inclusive, | |
| Defendants. | |

Plaintiff Edward Davis ("Plaintiff"), alleges the following upon information and belief based upon investigation of counsel, except as to his own acts, which he alleges upon personal knowledge:

## INTRODUCTION

1.      Plaintiff Edward Davis is a blind individual who requires screen reading software to read website content and access the internet.  Defendants SavaSeniorCare, LLC and SSC Newport Beach Operating Company LP maintain their website, www.savaseniorcare.com, in such a way that it contains numerous access barriers preventing Plaintiff, and other blind and visually-impaired individuals, from gaining equal access to savaseniorcare.com.  Defendants' denial of full and equal access to its website, and therefore its products and services offered thereby, is a violation of Plaintiff's rights under California's Unruh Civil Rights Act.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action.  This Court has personal jurisdiction over Defendants because they conducted and continue to conduct substantial business in the State of California, County of San Bernardino, and Defendants' offending website is available across California.

3.      Venue is proper in this Court because Defendants conduct substantial business in this County.  Venue is also proper because a substantial portion of the misconduct alleged herein occurred in the County of San Bernardino.

## PARTIES

4.      Plaintiff resides in San Bernardino County, California.  Plaintiff is permanently blind and uses a screen reader in order to access the internet and read website content.  Despite several attempts to use and navigate savaseniorcare.com, Plaintiff has been denied the full use and enjoyment of the facilities and services of savaseniorcare.com as a result of accessibility barriers on savaseniorcare.com.  The access barriers on savaseniorcare.com have caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff on a regular basis from accessing Defendants' website.  Similarly, the access barriers on savaseniorcare.com have deterred Plaintiff from visiting Defendants' care facilities.

/ / /

5.      Plaintiff is informed and believes, and thereon alleges, that Defendant SavaSeniorCare, LLC is a Delaware limited liability company with its principal place of business located in Atlanta, Georgia.  Plaintiff is informed and believes, and thereon alleges, that Defendant SSC Newport Beach Operating Company LP is a Delaware limited partnership with its principal places of business located in Atlanta, Georgia, and Newport Beach, California.  Plaintiff is informed and believes, and thereon alleges, that Defendant SavaSeniorCare, LLC, owns and operates care facilities in California through limited partnerships, including a facility in Newport Beach, California owned through Defendant SSC Newport Beach Operating Company LP.  These care facilities constitute places of public accommodation.  Defendants' locations provide to the public important goods and/or services. Defendants also provide to the public the savaseniorcare.com website.  Savaseniorcare.com provides access to the array of services, including a care facilities locator, descriptions of its amenities and services, and many other benefits related to these facilities and services.  The SavaSeniorCare locations in California are public accommodations within the definition of Title III of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181(7) and are likewise "business establishments" within the meaning of the California Civil Code § 51 et seq.  Savaseniorcare.com is a service, privilege, and advantage of the SavaSeniorCare care facilities.  Savaseniorcare.com is a service that is by and integrated with these locations.

6.      At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants.  Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (SavaSeniorCare, LLC, SSC Newport Beach Operating Company LP, and DOE Defendants will hereafter collectively be referred to as "Defendants").

7.      The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

**FACTS**

8.    The Internet has become a significant source of information, a portal and tool for conducting business, and a means for doing everyday activities such as shopping, banking, etc. for both the sighted and blind, and/or visually-impaired persons.

9.    Blind individuals may access websites by using keyboards in conjunction with screen-reading software that vocalizes visual information on a computer screen.   Screen access software provides the only method by which a blind person may independently access the internet.   Unless websites are designed to be read by screen reading software, blind persons are unable to fully access websites and the information, products and services contained thereon.

10.    The international website standards organization, W3C, has published version 2.0 of the Web Content Accessibility Guidelines ("WCAG 2.0").  WCAG 2.0 are well-established guidelines for making websites accessible to blind and visually-impaired people.   These guidelines are successfully followed by numerous large business entities to ensure their websites are accessible.   These guidelines recommend several basic components for making websites accessible including, but not limited to: adding invisible alternative text to graphics; ensuring that all functions can be performed using a keyboard and not just a mouse; ensuring that image maps are accessible; and adding headings so that blind people can easily navigate websites. Without these very basic components, a website will be inaccessible to a blind or visually-impaired person using a screen reader.

11.    Defendants offer the commercial website, savaseniorcare.com, which provides, among other things, information concerning the care facilities it operates, descriptions of its amenities and services, and allows users to find the locations for them to visit.

12.    Based on information and belief, it is Defendants' policy and practice to deny blind users, including Plaintiff, equal access to savaseniorcare.com.  Due to Defendants' failure and refusal to remove access barriers on savaseniorcare.com, Plaintiff and other blind and visually impaired individuals have been and are being denied equal access to the SavaSeniorCare locations and to the other services offered to the public through savaseniorcare.com.

13.    Defendants deny blind individuals access to the services and information made available through savaseniorcare.com by preventing them from freely navigating savaseniorcare.com.

1  Savaseniorcare.com contains access barriers that prevent free and full use by blind persons using

2  screen reading software.

3         14.    Savaseniorcare.com's barriers are pervasive and include, but are not limited to, the

4  following: (1) missing Alternative Text.  Alternative Text is invisible code embedded beneath a

5  graphical image on a website. Web accessibility requires that Alternative Text be coded with each

6  picture so that a screen reader can speak the Alternative Text where a sighted user sees pictures.

7  Alternative Text does not change the visual presentation, but instead a text box will pop-up when the

8  mouse moves over the picture.  The lack of Alternative Text on these graphics prevents screen readers

9  from accurately vocalizing a description of the graphics.   As a result, visually-impaired

10 SavaSeniorCare customers are unable to determine what is on the website, browse the site, look for the

11 SavaSeniorCare care facilities, check out Defendants' amenities, and/or determine which location to

12 visit; (2) Document language missing:  If the language of the document is not identified, screen

13 readers are unable to read the content in the appropriate language. It also facilitates automatic

14 translation of content. and (3) Redundant Links where adjacent links go to the same URL address

15 which results in additional navigation and repetition for keyboard and screen reader users.

16        15.    Due to the inaccessibility of savaseniorcare.com, blind and otherwise visually impaired

17 customers who use screen readers cannot effectively browse for Defendants' care facilities, amenities

18 and services online.  If savaseniorcare.com were accessible, Plaintiff could independently investigate

19 services and amenities, and find the locations to visit via Defendants' website as sighted individuals

20 can and do.

21        16.    Despite several attempts to use savaseniorcare.com since June 2017, the numerous

22 access barriers contained on Defendants' website have denied Plaintiff's full and equal access, and

23 Plaintiff continues to be deterred on a regular basis from accessing Defendants' website.  Similarly,

24 based on the numerous access barriers contained on savaseniorcare.com, Plaintiff has been deterred

25 from visiting Defendants' physical locations that Plaintiff may locate by using savaseniorcare.com.

26 ///

27 ///

28 ///

## CAUSE OF ACTION

## Violation of the Unruh Civil Rights Act, California Civil Code § 51 *et seq.*

### (By Plaintiff Against All Defendants)

17.    Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

18.    California Civil Code § 51 et seq. guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever.  Defendants are systematically violating the Unruh Civil Rights Act, California Civil Code § 51 *et seq.*

19.    Defendants' SavaSeniorCare care facilities are "business establishments" within the meaning of the California Civil Code § 51 et seq.  Defendants generate millions of dollars in revenue from the sale of their amenities and services in California through their care facilities and related services and savaseniorcare.com.  Savaseniorcare.com is a service provided by Defendants that is inaccessible to patrons who are visually-impaired like Plaintiff.  This inaccessibility denies visually-impaired patrons full and equal access to the facilities and services that Defendants make available to the non-disabled public.  Defendants are violating the Unruh Civil Rights Act, California Civil Code § 51 et seq., in that Defendants are denying visually-impaired customers the services provided by savaseniorcare.com.  These violations are ongoing.

20.    Defendants' actions constitute intentional discrimination against Plaintiff on the basis of a disability in violation of the Unruh Civil Rights Act, Cal. Civil Code § 51 et seq. in that: Defendants have constructed a website that is inaccessible to Plaintiff; maintain the website in this inaccessible form; and have failed to take adequate actions to correct these barriers even after being notified of the discrimination that such barriers cause.

21.    Defendants are also violating the Unruh Civil Rights Act, California Civil Code § 51 *et seq.* in that the conduct alleged herein likewise constitutes a violation of various provisions of the ADA, 42 U.S.C. § 12101 *et seq.*  Section 51(f) of the California Civil Code provides that a violation of the right of any individual under the ADA shall also constitute a violation of the Unruh Civil Rights Act.

22.     The actions of Defendants were and are in violation of the Unruh Civil Rights Act, California Civil Code § 51 *et seq.*, and, therefore, Plaintiff is entitled to injunctive relief remedying the discrimination.  However, Plaintiff expressly limits the injunctive relief he seeks to $50,000 or less.

23.     Plaintiff is also entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense.

24.     Plaintiff is also entitled to reasonable attorneys' fees and costs; however, Plaintiff hereby expressly limits the amount of money that Plaintiff presently seeks to recover in this action to less than $75,000, such that the maximum amount of any total recovery shall not exceed $74,999.

25.     Plaintiff is also entitled to a preliminary and permanent injunction enjoining Defendants from violating the Unruh Civil Rights Act, California Civil Code § 51 *et seq.,* and requiring Defendants to take the steps necessary to make savaseniorcare.com readily accessible to and usable by visually-impaired individuals.  However, Plaintiff hereby expressly states that he does not seek injunctive relief that would require Defendants to expend total sums greater than $50,000.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, prays for relief and judgment as follows:

1.     A preliminary and permanent injunction enjoining Defendants from violating the Unruh Civil Rights Act, California Civil Code § 51 *et seq.*;

2.     A preliminary and permanent injunction requiring Defendants to take the steps necessary to make savaseniorcare.com readily accessible to and usable by visually-impaired individuals, but Plaintiff hereby expressly limits the injunctive relief to require that Defendants expend no more than $50,000 thereon;

3.     An award of statutory minimum damages of $4,000 per violation pursuant to section 52(a) of the California Civil Code;

4.     For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, California Civil Code § 52(a);

5.     For pre-judgment interest to the extent permitted by law;

6.     For costs of suit; and

1    7.    For such other and further relief as the Court deems just and proper.

2

3   Dated: July 27, 2017                    PACIFIC TRIAL ATTORNEYS, APC

4                                           By: _____

5                                           Scott. J. Ferrell
                                            Attorneys for Plaintiff
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all claims and causes of action so triable in this lawsuit.

Dated:  July 27, 2017

PACIFIC TRIAL ATTORNEYS, APC

By: _____

Scott. J. Ferrell
Attorneys for Plaintiff